Filed 10/30/23  P. v. Farris CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>CHRISTOPHER FARRIS,<br><br>Defendant and Appellant. | C098314<br><br>(Super. Ct. Nos. 21FE011291,<br>21FE012417) |

Appointed counsel for defendant Christopher Farris asked this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment.

BACKGROUND

In case No. 21FE011291 (case No. 291), the prosecution charged defendant with two counts of being a felon in possession of a firearm (Pen. Code, § 29800, subd. (a)(1) -- counts one & five),[1] criminal threats (§ 422 -- count four), drawing or exhibiting a firearm in a rude, angry, or threatening manner (§ 417, subd. (a)(2) -- count six), and vandalism (§ 594, subd. (a) -- count seven).  In case No. 21FE012417

---

[1]  Undesignated statutory references are to the Penal Code.

1

(case No. 417), the prosecution charged defendant with assault with a deadly weapon (§ 245, subd. (a)(1) -- count one), assault by means of force likely to produce great bodily injury (§ 245, subd. (a)(4) -- count two), and battery (§ 242 -- count three). Both felony complaints alleged defendant had the same prior serious felony conviction. (§§ 667, subd. (b)-(i), 1170.12.)

In case No. 291, defendant pleaded guilty to count one, being a felon in possession of a firearm. (§ 29800, subd. (a)(1).) As the factual basis for the plea, the prosecutor stated that on July 2, 2021, defendant committed a felony violation of section 29800, subdivision (a)(1) "in that he did willfully and unlawfully own or possess a .45-caliber handgun, which was loaded, and the defendant had been duly and legally convicted of a prior felony." In case No. 417, defendant pleaded no contest to count two, assault by means of force likely to produce great bodily injury. (§ 245, subd. (a)(4).) As the factual basis for the plea, the prosecutor stated that on June 22, 2021, defendant willfully and unlawfully committed an assault upon the victim by means of force likely to produce great bodily injury. The victim had a laceration on his head and blood streaming down his face. Defendant admitted to a prior serious felony conviction. (§§ 667, subd. (b)-(i), 1170.12.) The trial court dismissed the balance of the charges.

Defendant subsequently filed a motion to withdraw his plea, asserting he had been under the influence of a prescribed muscle relaxant and he did not fully understand the consequences of his plea. In a supplemental motion to withdraw his plea, he raised his prior mistaken understanding of section 245, subdivision (a)(4) and his belief in his actual innocence. Additionally, as he did in his original motion, defendant asserted he did not gain any advantage in the case as a result of his plea. The trial court denied defendant's motions, concluding there was no basis to allow defendant to withdraw his plea.

In case No. 417, the trial court sentenced defendant to the middle term of three years on count two, doubled to six years for his prior serious felony conviction. In case No. 291, the court sentenced defendant to a consecutive middle term of eight months on

count one (one-third the middle term of two years), doubled to one year four months for his prior serious felony conviction. Thus, the trial court imposed the agreed upon aggregate term of seven years four months in prison. The trial court awarded defendant 729 days of presentence credit (365 actual days and 364 conduct days) and waived all nonmandatory fines and fees.

Defendant obtained a certificate of probable cause.

## DISCUSSION

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Counsel advised defendant of the right to file a supplemental brief within 30 days of the date of filing the opening brief. More than 30 days elapsed and we received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.

> /S/
> MAURO, J.

We concur:

/S/
ROBIE, Acting P. J.

/S/
KRAUSE, J.

3